| | |
|---|---|
| 1 | KEKER & VAN NEST LLP |
| | RACHAEL E. MENY - #178514 |
| 2 | rmeny@kvn.com |
| | JO W. GOLUB - #246224 |
| 3 | jgolub@kvn.com |
| | 710 Sansome Street |
| 4 | San Francisco, CA  94111-1704 |
| | Telephone:  (415) 391-5400 |
| 5 | Facsimile:  (415) 397-7188 |
| 6 | SAGASER, JONES & HELSLEY |
| | Howard A. Sagaser - #72492 |
| 7 | hsagaser@sjhattorneys.com |
| | 2445 Capitol Street |
| 8 | Second Floor |
| | Fresno, CA 93721 |
| 9 | Telephone:  (559) 233-4800 |
| | Facsimile:  (559) 233-9330 |
| 10 | |
| 11 | Attorneys for Defendant |
| | FLAGSTAR BANK |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ROBERT BASSETT and CHRISTY BASSETT, | Case No. 1:09-CV-00528-OWW-SMS |
| Plaintiffs, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| MICHAEL RUGGLES, an individual; KAHRAM ZAMANI, an individual; INFINITY GROUP SERVICES, a California corporation; FLAGSTAR BANK, and DOES 1-10, inclusive, | Judge:     Hon. Oliver W. Wanger |
| | Date Comp. Filed:     January 26, 2009 |
| Defendants. | Trial Date: Not Set |

WHEREAS, the parties have, through counsel, stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of confidential or protected information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties believe that certain documents and things, answers to interrogatories, testimony, and other responses in this proceeding may contain confidential, proprietary, or trade secret information within the meaning of Rule 26(c) and

WHEREAS, the parties stipulate that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against disclosure of such confidential information;

NOW THEREFORE, pursuant to Rule 26(c), the parties stipulate and agree that all such confidential information to be disclosed shall be disclosed pursuant to the terms and conditions of the Stipulated Protective Order set forth below:

IT IS HEREBY STIPULATED AND ORDERED that this Stipulated Protective Order governs the handling of confidential documents or information produced by any party as follows:

**TERMS OF ORDER**

1. **Definitions.**

As used in this Stipulated Protective Order, these terms have the following meanings:

a. "The Action" shall mean *Robert Bassett, et al. v. Michael Ruggles, et al.*, United States District Court, Eastern District of California, Fresno Division, Case No. Case No. 1:09-CV-00528-OWW-SMS.

b. "Confidential Information" comprises information that the Producing Party in good faith contends constitutes or contains information that is: (a) confidential, sensitive, competitive, or potentially invasive of recognized privacy interests; (b) not generally accessible to the Receiving Party but for the Action; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the Producing Party would require third parties to maintain the information in confidence.

c. "Material" or "Materials" shall mean all documents, transcripts, records, and things (in oral, written, or electronic forms) within the scope of Rule 34 of the Federal Rules of Civil Procedure and discovery in the Action, including, but not limited to, pleadings, affidavits,

exhibits, documents or things produced whether in the form of originals or copies, answers to interrogatories, answers to requests for admissions, information obtained from inspection of premises or things, testimony adduced at depositions or upon oral examination or upon written questions, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any Party to the Action or any third party.

d.   "Party" or "Parties" shall mean all named parties to the Action, including individuals, officers of corporations, partners of partnerships, and management or employees of any type of business organization.

e.   "Producing Party" shall mean a Party to the Action that produces documents or information, including, but not limited to, answers to interrogatories, responses to requests for production of documents, answers to requests for admissions, experts' reports or statements, documents, responses to subpoenas, or eliciting testimony in the Action.

f.   "Receiving Party" shall mean a Party who receives "Confidential Information" from a Producing Party.

**2.   Use Of Confidential Information Restricted To The Action.**

Any disclosure of Confidential Information under the terms of this Stipulated Protective Order is intended only to facilitate the prosecution or defense of the Action. All Confidential Information shall be used solely for any aspect or facet of litigating the Action including the preparation and trial of the Action, settlement discussions, negotiations or any other form of alternative dispute resolution of the Action, or any appeals of the Action.

**3.   Designation Of Confidential Information.**

A producing Party may designate any Materials "Confidential Information" by prominently stamping or marking each page, including each page of multi-page documents, with the legend "CONFIDENTIAL—BASSETT v. RUGGLES." Any inadvertent disclosure of Confidential Information without appropriate designation shall be remedied as soon as the Producing Party learns of the error and informs all Parties of the error in writing or on the record in accordance with Paragraph 7. Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the

document. If such designation is not feasible (*e.g.* in the case of certain electronic documents), then such designation may be made by informing the other party in writing.

If within 20 days after the Producing Party has designated the material "Confidential", any other Party believes in good faith that the materials should not be treated as "Confidential" under this Protective Order, any Party may challenge the designation of "Confidential" by providing a writing to all other Parties including the Producing Party that identifies the challenged material and the basis for the believe that the material should not be treated as "Confidential".

If the confidentiality of any material is challenged as provided for above, the burden of establishing the confidentiality of the material shifts to the Producing Party. If the Producing Party wishes to maintain the challenged "Confidential" designation, it must file a motion to resolve the confidentiality dispute within 30 days of the issue being raised, and must set the hearing on this motion for the earliest available hearing date. If such a motion is filed, the "Confidential" designation shall last until the Court adjudicates the confidentiality dispute.

**4.     Effect Of Designating Confidential Information.**

The designation of information as Confidential Information shall constitute a representation that an attorney believes there is a valid basis for such designation. The designation or failure to designate information as Confidential Information may not, however, be used against the Producing Party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive. Nor shall the designation of documents or information as Confidential Information be construed as an admission that such documents or information are relevant or material to any issues in the Action.

**5.     Use Of Confidential Information At Depositions.**

All deposition transcripts and recordings or portions of deposition transcripts and recordings taken in the Action that contain Confidential Information may be designated as Confidential Information. Confidentiality designations for depositions or any exhibits shall be made either on the record or by written notice to all Parties within thirty (30) days after receipt of

the transcript.

Confidential Information produced during a discovery deposition, or offered into evidence during a testimony deposition, shall be orally noted as such by the Producing Party at the outset of any discussion of the document or information. Documents containing Confidential Information must be prominently stamped or marked with the "CONFIDENTIAL—BASSETT v. RUGGLES" designation.

6. **Filing Confidential Information With The Court.**

If a Receiving Party intends to file Materials with the Court containing Confidential Information in connection with proceedings in the Action, the Receiving Party shall notify the Producing Party at least three (3) business days before the date of the intended filing. The Producing Party shall have the right to request that the Receiving Party file the Confidential Information under seal, and, if requested, the Receiving Party shall file such information under seal.

For any filing made under seal, the envelope or container containing the Confidential Information shall be prominently stamped or marked with a legend in substantially the following form:

**FILED UNDER SEAL**
**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

The envelope or container may only be opened by the Court, as the Court may direct, or by agreement of the Parties and may not be made available to persons other than the Court and those authorized by this Stipulated Protective Order.

Unless otherwise ordered by the Court, any Confidential Information filed under seal shall be impounded until the end of the Action, including all appeals, at which time the counsel submitting the impounded Confidential Information shall certify to opposing counsel that the Confidential Information has been retrieved. The retrieved Confidential Information shall be treated pursuant to the terms of this Stipulated Protective Order.

7. **Inadvertent Failure To Properly Designate Confidential Information and Inadvertent Production of Privileged Documents, Data, or Information.**

Any failure to designate documents, deposition transcripts, interrogatories, or any other Materials as Confidential Information shall not be deemed a waiver of confidentiality and may be corrected by written notice or oral notice on the record at a deposition or hearing. It shall not be deemed a violation of this Stipulated Protective Order for the Receiving Party to have disclosed such Confidential Information prior to receiving such a subsequent confidentiality designation. The Receiving Party shall exercise reasonable efforts to ensure any newly designated Confidential Information is used in accordance with and by those authorized by this Stipulated Protective Order.

Nothing in this Stipulated Protective Order shall limit the Parties' otherwise existing rights and remedies regarding the inadvertent disclosure of privileged materials.

8. **Unauthorized Disclosure Of Confidential Information.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized by this Stipulated Protective Order, the Receiving Party must immediately: (a) notify, in writing, the Producing Party of the unauthorized disclosure; (b) use best efforts to retrieve all copies of the Confidential Information; and, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; This Paragraph does not in any way limit the remedies that may be available to the Propounding Party.

9. **Challenges To Designations Of Confidential Information.**

Despite the provisions of paragraph 3, at any time, any Party may request a change in the designation of any Confidential Information. Such a request must be in writing and must provide the basis for the request. Any such Confidential Information shall be treated as so designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move for appropriate relief. Unless and until a Court ruling is obtained on the designation, or the Parties agree otherwise, the Confidential Information shall be treated as confidential.

**10. Handling Of Confidential Information.**

A Receiving Party in possession of Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such Confidential Information to ensure that their confidential nature is maintained. A Receiving Party shall not, directly or indirectly, transfer, disclose, or communicate in any way the Confidential Information or its contents to any person other than those specified in Paragraph 11 and only as specified in this Stipulated Protective Order.

**11. Permitted Disclosure Of Confidential Information.**

A Receiving Party may disclose Confidential Information only as follows:

(a) To the Court, including associated personnel necessary to assist the Court in its function, and the jury;

(b) To outside counsel, including regular, temporary, contract or other associated personnel necessary to assist outside counsel in the Action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

(c) To litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Receiving Party or its counsel for the purpose of assisting the Receiving Party in the Action;

(d) To experts, advisors or consultants, including associated personnel necessary to assist such persons in the Action, such as litigation assistants, paralegals, secretarial or other clerical personnel, but only after such individuals have been provided with a copy of this protective order and have agreed, in writing, to maintain the confidentiality of the disclosed Confidential Information;

(e) To the Receiving Party, including in-house counsel, but only after any individual who is not a signatory to this agreement has been provided with a copy of this protective order and has agreed, in writing, to maintain the confidentiality of the disclosed Confidential Information;

(f) Any mediator, arbitrator, referee or other person agreed to by the parties or appointed by the Court to facilitate a possible resolution of the action or any issues in connection therewith; and

(g) To any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto, but only after such other person has been provided with a copy of this protective order and has agreed, in writing, to maintain the confidentiality of the disclosed Confidential Information.

The written document, stating that the any such person has been provided with a copy of

this protective order and has agreed to maintain the confidentiality of the disclosed Confidential Information, shall be sent to the Producing Party within three (3) business days of signature.

### 12. Permitted Disclosure Of Confidential Information At Trial.

Prior to the trial of the Action, counsel for the Parties shall attempt to reach agreement on the handling of Confidential Information at trial and shall submit such agreement to the Court. If no such agreement can be reached, the Parties shall respectively submit their proposals to the Court for consideration.

### 13. Modification Of The Stipulated Protective Order.

Any Party may apply to the Court for a modification of this Stipulated Protective Order. There is nothing in this Stipulated Protective Order that shall be construed to prevent a Party from seeking such further terms enhancing or limiting confidentiality, as may be appropriate.

### 14. Injunctive Relief For Violations Of The Stipulated Protective Order.

If any person violates or threatens to violate the terms of this Stipulated Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person. The Parties agree that, if the aggrieved party demonstrates a reasonable likelihood of success on the merits, then in the absence of injunctive relief, the aggrieved party will be irreparably harmed. The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction for the purpose of enforcing this Order, notwithstanding any subsequent disposition of the Action.

### 15. Subpoena Or Court Order Compelling Disclosure Of Confidential Information.

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any documents or information designated by a Producing Party in the Action as Confidential Information, the Receiving Party must immediately: (a) notify the Producing Party, in writing (by facsimile and electronic mail), of the subpoena or order and include a copy of the subpoena or order with the notification; (b) inform the party that caused the subpoena or order to issue, in writing, that some or all of the Materials covered by the subpoena or order are subject to this Stipulated Protective Order; and (c) deliver a copy of this Stipulated Protective Order to the

1 party that caused the subpoena or order to issue. The purpose of these duties is to alert interested
2 parties of the existence of this Stipulated Protective Order and to afford the Producing Party an
3 opportunity to seek protection for its Confidential Information in the court from which the
4 subpoena or order issued. The Producing Party shall bear the burden and expense of seeking
5 protection in that court. Nothing in this Paragraph should be construed as authorizing or
6 encouraging a Receiving Party to disobey a lawful directive from another court.

**16. Return Or Destruction Of Confidential Information Upon Termination Of The Action.**

Upon termination of the Action, including any appeals, all Materials designated by the Producing Party as Confidential Information, including all copies of such Materials, shall be returned to the Producing Party or, at the Producing Party's instruction, destroyed. Each Party's outside counsel, however, may retain one archival copy of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the Parties. Any Confidential Information included in the archival copy shall remain subject to the terms of this Stipulated Protective Order. The Parties shall certify compliance with this Paragraph in writing within ninety (90) days of the termination of the Action.

**17. Term Of The Stipulated Protective Order.**

The agreement of the Parties is indicated by the signatures of the Parties' attorneys on the signature block at the end of this Stipulated Protective Order. The imposition of the terms by the Court is indicated by an order approving this Stipulated Protective Order. The terms are binding from the date the Parties' attorneys sign this Stipulated Protective order—in standard form or as modified or supplemented—and this Stipulated Protective Order is approved by the Court. The

///
///
///
///
///

1  obligations imposed by this Stipulated Protective Order shall survive the termination of the
2  Action.
3  **AS STIPULATED BY:**
4  Dated: June 29, 2009                    FLAGSTAR BANK

5                                          By its attorneys,

6                                          _____
                                           RACHAEL E. MENY
7                                          JO W. GOLUB
                                           Keker & Van Nest LLP
8                                          710 Sansome St.
                                           San Francisco, CA 94111
9                                          Telephone: 415/391-5400
                                           Facsimile: 415/397-7188
10                                         Email: jgolub@kvn.com

11
   Dated: June __, 2009                    ROBERT BASSETT
12                                         CHRISTY BASSETT

13                                         By their attorneys,

14                                         _____
                                           MATTHEW C. BRADFORD
15                                         PAUL T. DOLBERG
                                           Robinson Bradford LLP
16                                         3255 W. March Lane, Suite 230
                                           Stockton, CA 95219
17                                         Telephone: 209/954-9001
                                           Facsimile: 209/954-9091
18                                         Email: matthew@robinsonbradford.net

19
20  Dated: June __, 2009                   KAHRAM ZAMANI
                                           INFINITY GROUP SERVICES
21
22                                         By their attorneys,

23                                         _____
                                           GARY L. ANGOTTI
24                                         Tharpe & Howell
                                           600 W. Santa Ana Blvd, Suite 705
25                                         Santa Ana, CA 92701
                                           Telephone: (714) 437-4900
26                                         Facsimile: (714) 437-7997
                                           Email: gangotti@tharpe-howell.com
27  SO ORDERED

28  Dated:  August 7, 2009                 /s/ Oliver W. Wanger
                                           United States District Judge

9

STIPULATED PROTECTIVE ORDER
Case No. 1:09-CV-00528-OWW-SMS